UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s):   **Bithiah Angell Zirkle**                           Case No: 16 - 61380

This plan, dated __7/7/16__, is:

    ☒   the *first* Chapter 13 plan filed in this case.
    ☐   a modified Plan, which replaces the
        ☐confirmed or ☐unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$170,135.27**
    Total Non-Priority Unsecured Debt: **$28,759.12**
    Total Priority Debt: **$0.00**
    Total Secured Debt: **$134,616.00**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

1.  **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$485.00 Monthly for 36 months.** Other payments to the Trustee are as follows: __**NONE**__. The total amount to be paid into the plan is $__**17,460.00**__.

2.  **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

    1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2.  **Debtor(s)' attorney will be paid $3600.00 balance due of the total fee of $3600.00 concurrently with or prior to the payments to remaining creditors. The $3600.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:**
        **(i) $3600.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;**
        **(ii) $ _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF # : $ ; ECF # : $ ];**
        **(iii) $ _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.**

    B.  **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3.  **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Tdrcs/rooms To Go | Sofa | Opened 3/01/14<br>Last Active 4/19/15 | 2,311.00 | 550.00 |

Page 2 of 7

B.  **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Sterling Jewelers/Zales (See paragraph 11B) | Watch | 15.00 | 632.00 |

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Tdrcs/rooms To Go | Sofa | 15.00 for 3 months | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Fluvanna County Treasurer | 2008 BMW 528xi 142,000 miles TAV Location: 97 Augies Alley, Palmyra VA 22963 | 1,600.00 | 10% | 51.63 36 months |
| Sycamore Square Villas | 97 Augies Alley Palmyra, VA 22963   Fluvanna County TAV | 1,800.00 | 4.25% | 53.34 36 months |
| Tdrcs/rooms To Go | Sofa | 505.00 | 4.25% | 16.24 33 months |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

4. **Unsecured Claims.**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __13__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __13__ %.

    B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Carrington Mortgage Service. Llc | 97 Augies Alley Palmyra, VA 22963 Fluvanna County TAV | 889.62 | 4,000.00 | 0% | 36 months | Prorata |

    B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Mario Jones | Lease/Executory Contract | 0.00 | | 0 months |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

    **A. Attorneys Fees. Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 4, 5, and 6 herein, except that attorneys fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 2B.
    B. Deficiency Claims for Surrendered Property. Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.B of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                      Best Case Bankruptcy

an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

C. **Treatment of Judgment Liens.** Pursuant to Sec. 1322(b)(2) the claims listed in paragraph 3D that are secured by a judicial lien on real property of the debtor(s), shall be modified as follows: After confirmation of the plan, the Trustee will pay to said creditors the estimated amount in column 3 of paragraph 3D, with interest at the rate stated in column 4 of paragraph 3D. Upon confirmation of the plan, said interest rate shown will be binding unless a timely written objection to confirmation is filed by a party in interest and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. After the full payment of said amount by the trustee and a Discharge Order being entered by the Court upon completion of the plan, the debtor(s) may either: (a) request an Order from the Court stating that the lien is satisfied and released; or (b) file in the appropriate court copies of (1) the last confirmed plan, (2) the Order Confirming the Plan and (3) the Discharge Order to show that the lien has been satisfied in full.

D. **Plan Payment Method.** Plan payment will be made via: WDO _X_ (Husband ____ Wife ____ Both ____); or by PDO____.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                   Best Case Bankruptcy

**Signatures:**

Dated:   July   7, 2016

_____
Bithiah Angell Zirkle
Debtor

_____
Marshall M. Slayton VSB# 37362
Debtor's Attorney

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent to the Bankruptcy Trustee via ECF, and was submitted to the BAE SYSTEMS Noticing Center for servicing via first-class mail to all creditors, on 7/11/16. Certification from the BAE SYSTEMS Noticing Center will follow.

_____
Marshall M. Slayton VSB# 37362
Signature

913 East Jefferson Street
Charlottesville, VA 22902
Address

(434) 979-7900
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

## Page 1 — Schedule I: Your Income

Fill in this information to identify your case:
- Debtor 1: Bithiah Angell Zirkle
- Debtor 2 (Spouse, if filing):
- United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA
- Case number: 16-61380 (if known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 income as of the following date: MM / DD / YYYY

**Official Form 106I**
**Schedule I: Your Income**   12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☒ Employed / ☐ Not employed | ☐ Employed / ☐ Not employed |
| Occupation | Analyst | |
| Employer's name | UVA Medical Center | |
| Employer's address | 855 W. Main St. Charlottesville, VA 22901 | |
| How long employed there? | 5 years | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 3,512.62 | $ N/A |
| 3. Estimate and list monthly overtime pay. | +$ 0.00 | +$ N/A |
| 4. Calculate gross income. Add line 2 + line 3. | $ 3,512.62 | $ N/A |

Official Form 106I   Schedule I: Your Income   page 1

## Page 2 — Schedule I continued

Debtor 1: Bithiah Angell Zirkle   Case number (if known): 16-61380

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 4. | Copy line 4 here | $ 3,512.62 | $ N/A |
| 5. | List all payroll deductions: | | |
| 5a. | Tax, Medicare, and Social Security deductions | $ 762.82 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | $ 0.00 | $ N/A |
| 5e. | Insurance | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | $ 93.17 | $ N/A |
| 5g. | Union dues | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | $ 0.00 | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | $ 855.99 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | $ 2,656.63 | $ N/A |
| 8. | List all other income regularly received: | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | $ 0.00 | $ N/A |
| 8b. | Interest and dividends | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | $ 0.00 | $ N/A |
| 8e. | Social Security | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: Rent from significant other | $ 1,000.00 | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | $ 1,000.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | $ 3,656.63 + $ N/A = $ 3,656.63 |

11. State all other regular contributions to the expenses that you list in Schedule J. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
Specify: ............................................................   11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies.   12. $ 3,656.63
Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
☒ No.
☐ Yes. Explain:

Official Form 106I   Schedule I: Your Income   page 2

## Page 3 — Schedule J: Your Expenses

Fill in this information to identify your case:
- Debtor 1: Bithiah Angell Zirkle
- Debtor 2 (Spouse, if filing):
- United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA
- Case number: 16-61380 (if known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date: MM / DD / YYYY

**Official Form 106J**
**Schedule J: Your Expenses**   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?
   ☒ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. Do you have dependents?   ☐ No   ☒ Yes. Fill out this information for each dependent.
Do not list Debtor 1 and Debtor 2.
Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 1 | ☒ Yes / ☐ No |
| | | ☐ Yes / ☐ No |
| | | ☐ Yes / ☐ No |
| | | ☐ Yes / ☐ No |
| | | ☐ Yes / ☐ No |

3. Do your expenses include expenses of people other than yourself and your dependents?   ☒ No   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot | $ 889.62 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | $ 5.00 |
| 4d. | Homeowner's association or condominium dues | $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | $ 0.00 |

Official Form 106J   Schedule J: Your Expenses   page 1

## Page 4 — Schedule J continued

Debtor 1: Bithiah Angell Zirkle   Case number (if known): 16-61380

| | | Your expenses |
|---|---|---|
| 6. | Utilities: | |
| 6a. | Electricity, heat, natural gas | $ 200.00 |
| 6b. | Water, sewer, garbage collection | $ 134.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | $ 35.00 |
| 6d. | Other. Specify: | $ 0.00 |
| 7. | Food and housekeeping supplies | $ 500.00 |
| 8. | Childcare and children's education costs | $ 347.00 |
| 9. | Clothing, laundry, and dry cleaning | $ 205.00 |
| 10. | Personal care products and services | $ 60.00 |
| 11. | Medical and dental expenses | $ 10.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments | $ 400.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | $ 0.00 |
| 14. | Charitable contributions and religious donations | $ 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| 15a. | Life insurance | $ 0.00 |
| 15b. | Health insurance | $ 45.00 |
| 15c. | Vehicle insurance | $ 80.00 |
| 15d. | Other insurance. Specify: | $ 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: Personal property taxes | $ 25.50 |
| | Specify: Tags & Inspections | $ 5.00 |
| 17. | Installment or lease payments: | |
| 17a. | Car payments for Vehicle 1 | $ 0.00 |
| 17b. | Car payments for Vehicle 2 | $ 0.00 |
| 17c. | Other. Specify: 1/2 of payment for Honda (rent to own vehicle) | $ 209.00 |
| 17d. | Other. Specify: | $ 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | $ 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | $ 0.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | |
| 20a. | Mortgages on other property | $ 0.00 |
| 20b. | Real estate taxes | $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | $ 0.00 |
| 20e. | Homeowner's association or condominium dues | $ 0.00 |
| 21. | Other. Specify: Pet expenses | +$ 35.00 |
| 22. | Calculate your monthly expenses. | |
| 22a. | Add lines 4 through 21. | $ 3,176.12 |
| 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ |
| 22c. | Add line 22a and 22b. The result is your monthly expenses | $ 3,176.12 |
| 23. | Calculate your monthly net income. | |
| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | $ 3,656.63 |
| 23b. | Copy your monthly expenses from line 22c above. | –$ 3,176.12 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | $ 480.51 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
☒ No.
☐ Yes. Explain here:

Official Form 106J   Schedule J: Your Expenses   page 2

ADVANCE AMERICA
372 PANTOPS CENTER
CHARLOTTESVILLE, VA 22911

AQUA VIRGINIA INC.
762 W. LANCASTER AVENUE
BRYN MAWR, PA 19010-3489

ARS NATIONAL SERVICES, INC.
PO BOX 469046
ESCONDIDO, CA 92046-9146

BAZAR
PO BOX 6093
HARLAN, IA 51593-1593

CALVARY PORTFOLIO SERVICES
500 SUMMIT LAKE DR
STE 400
VALHALLA, NY 10595

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY, UT 84130

CARRINGTON MORTGAGE SERVICE. LLC
PO BOX 3489
ANAHEIM, CA 92803

CAVALRY PORTFOLIO SERVICES, LLC
PO BOX 520
VALHALLA, NY 10595

CENTRAL VIRGINIA ELECTRIC COOP
P.O. BOX 247
LOVINGSTON, VA 22949-0247

CITIBANK, N.A.
C/O LTD FINANCIAL SERVICES, LP
7322 SW FREEWAY, SUITE 1600
HOUSTON, TX 77074-2053

COMCAST
8029 CORPORATE DRIVE
NOTTINGHAM, MD 21236-4977

CYBRCOLLECT
3 EASTON OVAL STE 210
COLUMBUS, OH 43219

FIRST MED INC.
125 RIVERBEND DRIVE
SUITE 3
CHARLOTTESVILLE, VA 22911

FLUVANNA COUNTY TREASURER
PO BOX 299
PALMYRA, VA 22963

GEICO
ONE GEICO PLAZA
BETHESDA, MD 20810-0001

J.C. CHRISTENSEN & ASSOCIATES, INC.
PO BOX 519
SAUK RAPIDS, MN 56379

MARIO JONES
2427 PEYTON DRIVE
SUITE 107
CHARLOTTESVILLE, VA 22901

PAYLIANCE
3 EASTON OVAL
SUITE 210
COLUMBUS, OH 43219-6011

PAYNE'S CHECK CASHING
1171 NORTH MAIN STREET
MADISON, VA 22727

SHAPIRO & BROWN
10021 BALLS FORD ROAD
SUITE 200
MANASSAS, VA 20109

SHOPPERS CHARGE
C/O ADMIN RECOVERY, LLC
45 EARHART DRIVE, SUITE 102
WILLIAMSVILLE, NY 14221-2170

Zirkle, Bithiah - 16-61380
Zirkle, Bithiah - 16-61380

SOUTHWEST CREDIT SYSTEMS, L.P.
4120 INTERNATIONAL PKWY, SUITE 1100
CARROLLTON, TX 75007-1958

SPRINGLEAF
PO BOX 64
EVANSVILLE, IN 47701-0064

SPRINGLEAF FINANCIAL SERVICES
601 NW 2ND ST
EVANSVILLE, IN 47708

STELLAR RECOVERY INC
1327 HWY 2 W
SUITE 100
KALISPELL, MT 59901

STERLING JEWELERS/ZALES
ATTN.: BANKRUPTCY
PO BOX 1799
AKRON, OH 43309

SYCAMORE SQUARE VILLAS
C/O MSC ACCTS. RECEIVABLE
PO BOX 5306
CHARLOTTESVILLE, VA 22905

TDRCS/ROOMS TO GO
1000 MACARTHUR BLVD
MAHWAH, NJ 07430

TRANSWORLD SYSTEMS INC.
PO BOX 17221
WILMINGTON, DE 19850

UNIVERSITY OF VA COMMU
3300 BERKMAR DR
CHARLOTTESVILLE, VA 22901

UVA COMMUNITY CREDIT UNION
CARDMEMBER SERVICES
PO BOX 30495
TAMPA, FL 33630-3495

UVA CREDIT UNION-A D
3300 BERKMAR DR
CHARLOTTESVILLE, VA 22901

UVA MEDICAL CENTER
PATIENT FINANCIAL SERVICES
P.O. BOX 800750
CHARLOTTESVILLE, VA 22907-3015

UVA PHYSICIANS GROUP
P.O. BOX 9007
CHARLOTTESVILLE, VA 22906-9007